# Exhibit



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

-----------------------------------------------------------------X

CINDY GISSER,

                                        Plaintiff,                      **VERIFIED BILL**
                                                                        **OF PARTICULARS**
                -against-

WAL-MART STORES EAST, LP and                                            **Index No.: 2285/2017**
WAL-MART STORES, INC.,

                                        Defendants.

-----------------------------------------------------------------X

Plaintiff, CINDY GISSER, by her attorneys, SOBO & SOBO, L.L.P., as and for the response to Defendant's Demand for Bill of Particulars, herein allege the following:

1.      Upon information and belief the accident complained of herein occurred on March 18, 2015 at approximately 10:30 a.m.

2.      Upon information and belief the accident complained of herein occurred while the Plaintiff was lawfully upon the Defendants premises at 1201 Route 300, Newburgh, County of Orange, State of New York, known as "Walmart.

3.      At the time of the alleged occurrence, the Plaintiff resided at 40 Clinton Drive, Washingtonville, New York 10992.

4.      The Plaintiff currently resides at 40 Clinton Drive, Washingtonville, New York 10992.

5.      The Plaintiff's date of birth is December 12, 1963. The plaintiff objects to this request as overbroad and not permitted by C.P.L.R. § 3043. Nevertheless, without waiving any objection the last four digits of the plaintiff's social security number are XXX-XX-3804.

6. The dangerous, defective and hazardous condition was a slippery substance on the subject floor.

7. Defendant is not entitled to notice as they created the condition. Nevertheless, actual notice is claimed; however, to whom, how, when and where said notice was given is currently being investigated at this time by the plaintiff. Plaintiff will provide the names of witnesses who provided actual notice when they become available.

8. Defendant is not entitled to notice as they created the condition. Nevertheless, constructive notice is claimed. Plaintiff will claim that the complained of condition existed for such a period of time that the defendants, in the exercise of reasonable care, knew or should have known that the conditions existed.

9. As a result of the accident complained of herein, the Plaintiff was caused to sustain serious and permanent bodily injuries which consisted, more particularly, of the following:

### AS TO THE RIGHT FOOT/ANKLE

- RECALCITRANT PLANTAR FASCIITIS, PERONEAL BREVIS TENDON TEAR AND LATERAL ANKLE INSTABILITY – REQUIRING SURGERY IN THE FORM OF ENDOSCOPIC PLANTAR FASCIA RELEASE, REPAIR OF PERONEAL TENDON TEAR AND BROSTROM ANKLE STABILIZATION;

- RESULTANT SCARRING AND DISFIGUREMENT;

- PROLONGED USE OF CRUTCHES, A CAM WALKER AND BRACE;

- LOSS OF FUNCTION IN USE OF THE RIGHT FOOT/ANKLE;

- STIFFNESS;

- TIGHTNESS;

- WEAKNESS;

- DECREASED RANGE OF MOTION;

- RESTRICTION OF MOTION;

- SEVERE PAIN ON MOVEMENT AND PALPATION;

- ACCOMPANYING SEVERE PAIN, SWELLING AND TENDERNESS;

- ADDITIONAL FUTURE SURGERY WITH RESULTANT SCARRING AND DISFIGUREMENT MAY BE REQUIRED.

In addition, the above have caused the Plaintiff to complain and suffer from pain and stiffness of those areas surrounding the injured tissues and affected the full, free and normal use and function of the aforesaid regions, all of which have residual conditions which still persist and which, upon information and belief, except for those of a superficial nature, will be permanent.

In addition, the Plaintiff will claim each and every injury contained in the medical reports, which have been or which will be forwarded to the Defendants pursuant to the rules governing the exchange of medical information.

All of the aforesaid and the results likely and probable to follow from the injuries and conditions aforestated and their sequelae will in detail be testified to at a trial of this action.

10.    Upon information and belief, all of the aforementioned injuries are permanent, arthritic producing and progressive, except those of superficial nature. All of the plaintiff's injuries, upon information and belief, include all the sequelae following from the aforesaid injuries and are further associated with soft tissue injuries to the areas traumatically affected, including damage to the muscles, ligaments, tendons, blood supply and nerve tissue with permanent effect of pain, disability, stiffness, discomfort,

loss of motion and interference with normal usage and movement of those areas traumatically affected.

11. Plaintiff objects to the term "confined" as vague. Nonetheless, without waiving objection, Plaintiff was confined as follows as a result of the occurrence herein:

(a) HOSPITAL: Objection. Not a proper request for a Demand for a Bill of Particulars pursuant to C.P.L.R. § 3043.

(b) BED: Not applicable. Plaintiff is not claiming confinement to bed.

(c) HOUSE: approximately 3 weeks with the exception of necessary medical treatment.

12. Objection. Not a proper request for a Demand for a Bill of Particulars pursuant to C.P.L.R. § 3043.

13. Not Applicable. Plaintiff is not asserting a claim for lost wages.

14. Plaintiff claims both past and present special damages which will be supplemented pursuant to the C.P.L.R.

15. Objection. Not a proper request for a Demand for a Bill of Particulars pursuant to C.P.L.R. § 3043.

16. Plaintiff objects to this demand to the extent that same seeks material testimonial in nature and not a proper request for a Demand for a Bill of Particulars.

17. The defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, failed in their duty to maintain interiors and appurtenances to its aforementioned premises in a safe and proper condition to prevent same from being dangerous to patrons and others lawfully using it; in allowing the aforesaid premises to be, become and remain in an unsafe and dangerous condition so

as to constitute a nuisance, menace, and danger to the patrons and others lawfully using it; allowing, causing and/or permitting dangerous, hazardous, slippery and/or unsafe conditions to exist on the aforesaid premises in the form of a slippery substance on the subject floor, to be, become and/or remain on the said floor; in allowing a dangerous condition to exist on the premises; in failing to adequately address a dangerous condition; in failing to remove the slippery substance from the floor which caused a dangerous condition in an area where patrons regularly walk and travel; in failing to address, properly contain and/or remove the slippery substance from the floor; failure to warn of the dangerous conditions described herein, including, but not limited to cones, barricades, or caution tape; failure to act; in failing to bar access to that portion of the floor where the hazard was located; failure to report dangers at the location described; in failing to properly train and instruct their employees with regards to premises safety and accident prevention; in failing to supervise their employees in the performance of their duties; in failing to timely, adequately and properly inspect the subject area; in failing to properly inspect the subject premises on a regular basis; in failing to properly inspect the subject premises for hazards on a regular basis; in failing to undertake necessary maintenance to the subject area; in failing to monitor security cameras and/or other surveillance devices to monitor store conditions; in failing to monitor security cameras and/or other surveillance devices for hazardous conditions; in failing to have proper security cameras and/or other surveillance devices; in failing to discover and remedy the said condition despite prior notice of said hazard; in that the said subject floor was improperly maintained at the time of and prior to the accident herein and for an unreasonable period of time despite prior notice of said hazard; in failing to use that degree of caution,

prudence, and care which was reasonable and proper under the controlling circumstances; all of which the Defendant had due notice or, by reasonable inspection thereof, might and should have had due notice and knowledge.

18.    Objection. Not a proper request for a Demand for a Bill of Particulars pursuant to C.P.L.R. § 3043.

Dated: June 9, 2017
        Middletown, New York

Respectfully,

SOBO & SOBO L.L.P.

By: Raymond J, Iaia, Esq.
*Attorneys for Plaintiff*
One Dolson Avenue
Middletown, New York 10940
(845) 343-7626

TO:    BRODY, O'CONNER & O'CONNOR, ESQS.
        Patricia A. O'Conner, Esq.
        *Attorneys for Defendant*
        7 Bayview Avenue
        Northport, New York 11768
        (631) 261-7778
        File No.: WM 17-194 PO

## VERIFICATION

STATE OF NEW YORK   )
                         ) SS.:

COUNTY OF ORANGE

CINDY GISSER, being duly sworn, deposes and says: I am the plaintiff in the action herein and have read the annexed Verified Bill of Particulars, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matter I believe them to be true.

CINDY GISSER

Sworn to before me this

9th day of June, 2017.

Notary Public

VERONICA M. WESLEY
Notary Public, State of New York
Qualified in Orange County
Registration No. 01WE6075427
Commission Expires June 3, 20__