WM 17-194 PO
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

CINDY GISSER,

                         Plaintiff,

          -against-

WAL-MART STORES EAST, LP and
WAL-MART STORES, INC.,

                       Defendants.

--------------------------------------------------------------------------X

**Docket No.: 17CV05293JCM**

**STATEMENT OF
MATERIAL FACTS**

## STATEMENT OF MATERIAL FACTS ON MOTION
## FOR SUMMARY JUDGMENT PURSUANT TO LOCAL CIVIL RULE 56.1

Movant/defendant, WAL-MART STORES EAST, LP, as and for its Statement of Material Facts on Motion for Summary Judgment Pursuant to Local Civil Rule 56.1, respectfully alleges as hereinafter:

1.     This is an action to recover for personal injuries allegedly suffered by CINDY GISSER [the plaintiff] as the result of a fall in defendant's Newburgh store on March 18, 2015 (Ex. A, ¶¶ 4, 21 [Complaint]).

2.     It is alleged that the plaintiff was caused to be precipitated to the ground as the result of a "slippery substance on the subject floor" (Ex. C, ¶ 6).

3.     Plaintiff asserts that the defendant "created the condition" (Ex. C, ¶ 7).

4.     Plaintiff asserts that defendant was on "actual notice" of the slippery substance, "however, to whom, how, when and where said notice was given is currently being investigated at this time by the plaintiff" (Ex. C, ¶ 7).

5.    Plaintiff asserts:

> [C]onstructive notice is claimed. Plaintiff will claim that the complained of condition existed for such a period of time that the defendants, in the exercise of reasonable care, knew or should have known that the conditions existed.

(Ex. C, ¶ 8).

## SWORN TESTIMONY OF CINDY GISSER

6.    Plaintiff testified that she was involved in an accident in the Newburgh Wal-Mart on March 18, 2015 (Ex. D, p. 10).

7.    She entered the store and retrieved a shopping cart (Ex. D, p. 20).

8.    Her accident happened less than five minutes after entering the store (Ex. D, p. 18).

9.    It was her intention to go to the vision center inside the store (Ex. D, p. 18-19).

10.    She walked past a line of cash registers (Ex. D, p. 19).

11.    She went to turn into the area where the vision center is located and her "right foot just gave out from under me" (Ex. D, p. 20).

12.    Her foot "went out from under me" (Ex. D, p. 22).

13.    Her right foot turned and hit the floor (Ex. D, p. 23).

14.    She did not fall to the ground (Ex. D, p. 22-23).

15.    She held onto the shopping cart tightly and pulled herself back up (Ex. D, p. 22).

16.    She looked down to see what she had slipped upon (Ex. D, p. 24).

17.    She observed a "big glob of a white solution. To me it looked like it could have been hand cream or lotion or conditioner, that kind of substance" (Ex. D, p. 24).

18.    The glob was the size of an apple, maybe a little larger (Ex. D, p. 25).

19.    The glob was smeared because of her foot having gone through it (Ex. D, p. 26).

20.    Prior to her accident, plaintiff had not been in the vision center area on March 18, 2015 (Ex. D, p. 23-24).

21.    Plaintiff never saw the glob of a white solution prior to her accident (Ex. D, p. 25).

22.    Plaintiff had no idea where the glob of a white solution came from (Ex. D, p. 26).

23.    Plaintiff had no idea how long the glob of a white solution had been present on the floor before her accident (Ex. D, p. 27-28).

24.    Plaintiff described the lighting in the area as "bright" (Ex. D, p. 42).

## SWORN TESTIMONY OF DEFENDANT BY ANTHONY CILIBRASI, JR.

25.    Defendant was deposed in the person of Anthony Cilibrasi, Jr., current co-manager for the Newburgh Wal-Mart (Ex. E, p. 10-11).

26.    Mr. Cilibrasi testified that Wal-Mart policy requires all employees to

> be aware of your surroundings, to identify any potential hazard on the floor. If it is identified, to stand by and guard it so that there is no incident, and then get the attention of another associate or call over the walkie-talkies to have somebody bring you maintenance supplies, paper towels, et. cetera, to help clean up the spill.

(Ex. E, p. 24-25).

## VIDEO OF THE ACCIDENT SCENE AND STILL SHOTS TAKEN FROM THE VIDEO FOR THE COURT'S PERUSAL

27.    Video of the accident scene begins at 9:28 a.m. [1]

---

2. A disc containing the video and instructions for how to view it are annexed to the moving papers as Exhibit F.

28.    The approximate spot where plaintiff will later slip is marked for the Court's convenience with an arrow.



Digital Video Snapshot

Site: STORE 2104
Camera Group: Action Alley
Camera Name: AA - Front Registers 1
3/16/2016 5:25:00 AM (Eastern Daylight Time)

Capture Size: 704 x 480 pixels
Device Network Name: DVR06S02104US
Device Serial Number: GS12025045

4

29.    Plaintiff enters the camera shot at 10:26:13 a.m.



Digital Video Snapshot
Site: STORE 2104
Camera Group: Action Alley
Camera Name: AA - Front Registers 1
3/18/2015 10:26:13 AM (Eastern Daylight Time)

Capture Size: 704 x 480 pixels
Device Network Name: DVR2SS02104US
Device Serial Number: 0S12025045

30.    She is observed pushing a shopping cart.

31.    At 10:26:29 a.m., she turns into the vision center.



Digital Video Snapshot
Site: STORE 2104
Camera Group: Action Alley
Camera Name: AA - Front Registers 1
3/13/2015 10:26:29 AM (Eastern Daylight Time)

Capture Size: 704 x 480 pixels
Device Network Name: DVR08S02104US
Device Serial Number: GS1202B045

32.    She can be observed losing her footing.

33.    She backs up and runs her foot over the floor several times.

34.    She bends at the waist to examine the floor.

35.    She enters the vision center, leaving the camera shot.

36.    She reenters the camera shot as she leaves the vision center.

37.    At 10:29:11 a.m., plaintiff returns to the scene with what appears to be a member of management.[2]



Digital Video Snapshot
Site: STORE 2104
Camera Group: Action Alley
Camera Name: AA - Front Registers 1
3/15/2015 10:29:11 AM (Eastern Daylight Time)

Capture Size: 704 x 480 pixels
Device Network Name: DVR06S02104US
Device Serial Number: 0S1202B046

---

2. This individual is most likely Robert Liriano who is no longer employed with Wal-Mart. As discussed during the telephonic status conferences with the Court, defense counsel provided plaintiff's counsel with two possible addresses for Mr. Liriano that had been received from Wal-Mart. Defense counsel then had an investigator conduct a search and provided plaintiff's counsel with a third possible address. Finally, defense counsel provided plaintiff's counsel with a last known telephone number for Mr. Liriano along with the month and year of his birth.

38.   At 10:30:29 a.m., paper towels are used to clean the floor.



Digital Video Snapshot
Site: STORE 2104
Camera Group: Action Alley
Camera Name: AA - Front Registers 1
3/18/2015 10:30:29 AM (Eastern Daylight Time)

Capture Size: 704 x 480 pixels
Device Network Name: DVR06S02104US
Device Serial Number: GS1202B045

39.     At 10:32:59 a.m., an orange cone is placed at the scene.



Digital Video Snapshot
Site: STORE 2104
Camera Group: Action Alley
Camera Name: AA - Front Registers 1
3/15/2015 10:32:59 AM (Eastern Daylight Time)

Capture Size: 704 x 480 pixels
Device Network Name: DVR08S02104US
Device Serial Number: GS1202B045

Dated: Northport, New York
       March 23, 2018

_____
PATRICIA A. O'CONNOR