UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X  Docket No. 17-cv-05293
CINDY GISSER,

                         Plaintiff,

    -against-


WAL-MART STORES EAST, LP and
WAL-MART STORES, INC.,

                         Defendants.
-------------------------------------------------------------X

## RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS ON MOTION FOR SUMMARY JUDGMENT PURSUANT TO LOCAL CIVIL RULE 56.1

Plaintiff CINDY GISSER as and for her Response to Defendants' Statement of Material Facts on Motion for Summary Judgment Pursuant to Local Civil Rule 56.1 alleges respectfully the following:

1. This is an action to recover for personal injuries allegedly suffered by CINDY GISSER as the result of a fall in the defendants' Newburgh store on March 18, 2015 [citation omitted throughout].

2. It is alleged that the plaintiff was caused to be precipitated to the ground as the result of a "slippery substance on the subject floor."

3. Plaintiff asserts that the defendant "created the condition."

4. Plaintiff asserts that the defendant was on "actual notice" of the slippery substance…

5. Plaintiff asserts [block quote in re constructive notice omitted].

      **Response:**    Admit as to paragraphs 1 through 5.

## <u>TESTIMONY OF PLAINTIFF CINDY GISSER</u>

6. Plaintiff testified that she was involved in an accident in the Newburgh Wal-Mart on March 18, 2015 [citation omitted throughout].

7. She entered the store and retrieved a shopping cart.

8. Her accident happened less than five minutes after entering the store.

9. It was her intention to go to the vision center inside the store.

10. She walked past a line of cash registers.

11. She went to turn into the area where the vision center is located and her "right foot just gave out from under me."

12. Her foot "went out from under me."

13. Her right foot turned and hit the floor.

14. She did not fall to the ground.

15. She held onto the shopping cart tightly and pulled herself back up.

16. She looked down to see what she had slipped upon.

17. She observed a "big glob of a white solution. To me it looked like it could have been hand cream or lotion or conditioner, that kind of substance."

18. The glob was the "size of an apple, maybe a little larger."

19. The glob was smeared because of her foot having gone through it.

20. Prior to her accident, plaintiff had not been in the vision center area on March 18, 2015.

21. Plaintiff never saw the glob of a white solution prior to her accident.

22. Plaintiff had no idea where the glob of a white solution came from.

23. Plaintiff had no idea how long the glob of a white solution had been present on the floor before her accident.

2

24. Plaintiff described the lighting in the area as "bright."

      **Response:**    Admit as to paragraphs 6 through 24.

## TESTIMONY OF DEFENDANT BY ANTHONY CILIBRASI, JR.

25. Defendant was deposed in the person of Anthony Cilibrasi, Jr., current co-manager for the Newburgh Wal-Mart [citation omitted throughout].

      **Response:**    Admit, and add that Mr. Cilibrasi was not employed in any capacity by the Newburgh Wal-Mart store on the date of Ms. Gisser's accident (Ex. E, p. 9).

26. Mr. Cilibrasi testified that Wal-Mart policy requires all employees to "be aware of your surroundings, to identify any potential hazard on the floor..." [remainder of block quote omitted].

      **Response:**    Admit.

## VIDEO OF THE ACCIDENT SCENE
## AND STILL SHOTS TAKEN FROM THE VIDEO FOR THE COURT'S PERUSAL

27. Video of the accident scene begins at 9:28 a.m. [citation and still shots omitted throughout].

28. The approximate spot where plaintiff will later slip is marked for the Court's convenience with an arrow.

29. Plaintiff enters the camera shot at 10:26:13 a.m.

30. She is observed pushing a shopping cart.

31. At 10:26:13 a.m., she turns into the vision center.

32. She can be observed losing her footing.

33. She backs up and runs her foot over the floor several times.

34. She bends at the waist to examine the floor.

**Response**:   Admit as to paragraphs 27 through 34.

35. She enters the vision center, leaving the camera shot.

> **Response**:   **DENY.**  She proceeds *toward* the vision center, as per the video testimony.  As per Ms. Gisser's sworn testimony, she "approached one of the employees, told the employee what just happened and to please get a manager" (Ex E, p. 28).  The employee told her that the employee "would get a manager right away" (Ex E, p. 29).

36. She reenters the camera shot as she leaves the vision center.

> **Response**:   **DENY** to the extent referred to above.

37. At 10:29:11 a.m., plaintiff returns to the scene with what appears to be a member of management.

38. At 10:30:29 a.m., paper towels are used to clean the floor.

39. At 10:32:59 a.m., an orange cone is placed at the scene.

> **Response**:   Admit as to paragraphs 37 through 39.

Dated: April 23, 2018
  Middletown, New York

Respectfully Submitted,
SOBO & SOBO, LLP
*Attorneys for Plaintiff*

_____
Courtney Campbell, Esq.
Bar No. CC4179
One Dolson Avenue
Middletown, New York 10940
ccampbell@sobolaw.com
T: (845) 343-7626
