UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X          Docket No. 17-cv-05293

CINDY GISSER,

                                 Plaintiff,

        -against-

WAL-MART STORES EAST, LP and
WAL-MART STORES, INC.,

                                 Defendants.

------------------------------------------------------------------X

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

SOBO & SOBO, LLP
*Attorneys for Plaintiff*
One Dolson Avenue
Middletown, New York 10940
(845) 343-7626

BY: _____

COURTNEY CAMPBELL, ESQ.
CC4719
ccampbell@sobolaw.com

TO:

BRODY, O'CONNOR & O'CONNOR, ESQS.
*Attorneys for Defendants*
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778

1

# I. PRELIMINARY ARGUMENT

In order to establish a prima facie case of negligence based on circumstantial evidence, "it is enough that a plaintiff shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred." Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 421 (2d Cir. 2004) (quoting Schneider v. Kings Highway Hosp. Ctr., Inc., 67 N.Y.2d 743, 744-45 (1986)).

Plaintiff argues herein that defendants' motion for summary judgment must be denied. The circumstantial evidence – plaintiff's testimony together with video evidence – constitutes facts and conditions from which defendants' negligence in failing to remedy the condition despite constructive notice thereof may be reasonably inferred.[1]

Specifically, Ms. Gisser testified that she was caused to slip, fall and sustain serious personal injury to her right foot and ankle by a "big glob of a white solution. To me it looked like it could have been hand cream or lotion or conditioner, that kind of substance." The "big glob" was the "size of an apple, maybe a little larger." This is not an ambiguous case in which the plaintiff slips and falls on water, a ubiquitous and transparent substance. Such substance – opaque and the "size of an apple" – would have been readily visible at the time of the accident on the defendants' "brightly lit" floor.

# II. FACTS AND BACKGROUND

Plaintiff's account of the facts of Ms. Gisser's fall are set forth in detail in plaintiff's response to defendant's statement of material facts.

---

[1] Plaintiff concedes for the purposes of this motion her claims of actual notice to, and creation by, the defendants.

2

## III. LEGAL ARGUMENT

### A. **Summary Judgment Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the moving party has met its burden of proving that no factual issues exist, the Court must resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion. See Vivenzio v. City of Syracuse, 611 F.3d 98, 106 (2d Cir. 2010).

Where, as here, the "nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case." Nebraska v. Wyoming, 507 U.S. 590 (1993) (citation omitted). The nonmoving party, here, the plaintiff, "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).

In short, the question for the Court is whether "the record taken as a whole could not lead a rational trier of tact to find for the nonmoving party," a pragmatic approach to determining whether there is "no genuine issue for trial." Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Defendants' motion for summary judgment must be denied, therefore, if the Court finds "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." See Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).

### B. New York Negligence Law: Premises Liability

To establish a prima facie case of negligence under New York law,[2] a plaintiff must demonstrate "(1) a duty owed by the defendant to the plaintiff; (2) a breach thereof; and (3) injury proximately resulting therefrom." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 286 (2d Cir. 2006) (quoting Solomon ex rel. Solomon v. City of New York, 66 N.Y.2d 1026, 1027 (1985)).

New York law holds that "a landowner must exercise reasonable care to maintain its premises in a safe condition in view of the circumstances, accounting for the possibility of injury to others, the seriousness of such injury, and the burden of avoiding such risk." Michalski v. Home Depot, Inc., 225 F.3d 113, 117 (2d Cir. 2000) (citation omitted). Additionally, "a shopkeeper has a duty to keep aisles free from obstacles which may injure persons endeavoring to shop." Lee S. Kreindler et al., *New York Practice Series – New York Law of Torts*, Sec. 12:44 (July 2005), *available at* 2002 WL 1802840. See, also, Robinson v. Atlantic & Pacific Tea Co., 184 Misc. 571, 574 [1st Dept 1945] ("The defendant is the owner of a large number of stores and a great many are of the super self-service variety. Many thousands of customers enter these self-service stores daily ... [T]he defendant was obligated to take measures to prevent an accident occurring by reason of customers improperly, carelessly or negligently handling merchandise on the shelves and it was its duty to do so by placing someone in charge to see that articles were so handled and placed or replaced on the shelves that they would not fall or be likely to fall").

"Attendant with the defect element is the issue of notice to defendants." McHale v. Westcott, 893 F.Supp. 143, 148 (N.D.N.Y. 1995). In addition to proving that a dangerous condition existed, plaintiff must also demonstrate "that defendant either created the dangerous

---

[2] The parties do not dispute that New York substantive law is controlling in this diversity action.

condition or that it had actual or constructive notice of its existence." See Gorecki v. Painted Pony Championship Rodeo, Inc., 6 Fed.Appx. 103, 105 (2d Cir. 2001).

## C. Circumstantial Evidence

Under New York Law, in order to establish a prima facie case based solely on circumstantial evidence, "it is enough that a plaintiff shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred." Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 421 (2d Cir. 2004) (quoting Schneider v. Kings Highway Hosp. Ctr., Inc., 67 N.Y.2d 743, 744-45 (1986)). The plaintiff is not required to "adduce the most reasonable explanation for the accident, nor [is] she required to eliminate all other possible causes for her fall." Williams, 391 F.3d at 420; see Wragge v. Lizza Asphalt Cont. Co., 17 N.Y.2d 313, 320 (1966). The plaintiff's proof need only "render those other causes sufficiently 'remote' or 'technical' to enable the jury to reach its verdict based ... upon the logical inferences to be drawn from the evidence." Schneider v. Kings Highway Hosp. Ctr., Inc., 67 N.Y.2d 743, 744-45 (1986).

In order to defeat defendants'' summary judgment motion, then, plaintiff in this case is "obligated simply to establish a reasonable probability that the accident was caused by [the defendant's] negligence." Williams, 391 F.3d at 420 (citing Ingersoll v. Liberty Bank of Buffalo, 278 N.Y. 1, 7 (1938) ("The plaintiff was not required to offer evidence which positively excluded every other cause of the accident. The existence of possibilities that factors other than the negligence of the defendant may have caused the accident, does not require a holding that plaintiff has failed to make out a prima facie case. It is enough that he shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred.")).

## IV. ARGUMENT

### A. Defendants Had Constructive Notice of the "Big Glob of a White Solution"

The evidence is uncontroverted that there existed a defective condition – Ms. Gisser's testimony that she slipped on an apple-sized "glob of a white solution" on the defendants' floor is corroborated by the video evidence, wherein Ms. Gisser examines the defect, returns to point out the defect to defendants' employees, and defendants' employees remedy the defect.

Plaintiff thus argues the defendants had constructive notice of the "hand cream or lotion or conditioner" on the floor. To prove constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendants' employees to discover and remedy it. Gordon v. American Museum of Natural History, 67 N.Y.2d 836, 837 (N.Y. 1986).

Defendants argue that there is no evidence, direct or circumstantial, that precludes an award of judgment in its favor. Plaintiff argues otherwise.

### B. The Defect Was Visible and Apparent

Plaintiff on a motion for summary judgment is required to "introduce adequate evidence on each element of negligence sufficient to support a favorable jury verdict." Stanton v. Manhattan E. Suite Hotels, No. 01-CV-2394, 2002 WL 31641127, at *2 (S.D.N.Y. Nov. 22, 2002).

The unambiguous and uncontroverted testimony establishes that the defect at issue here was visible and apparent: Ms. Gisser may be observed on video examining the hazard and pointing it out to defendants' employees. Defendants' employees may also be observed subsequently remedying the defect with paper towels and an orange cone.

The Second Circuit confirms the above in Urrutia v. Target Corp., No. 16-CV-1816, 2017 U.S. App. LEXIS 3822 (2d Cir. March 3, 2017). In that case, the plaintiff slipped and fell upon a clear liquid on the defendant's floor. The district court held that the plaintiff "failed to produce evidence from which a reasonable jury could conclude that the liquid in which she slipped was visible and apparent." Id. at *4. The Second Circuit disagreed. Id. In reversing the district court, the Second Circuit concluded that a jury "could ... believe" that "even a modest puddle of clear liquid on a light-colored floor is sufficiently visible for an employee to notice and remedy." Id. at *5. Although there was evidence on the record that the plaintiff and her son did not see the clear liquid immediately before the plaintiff's fall, that plaintiff's son said the clear liquid on the floor was "not noticeable," the Second Circuit found that "the evidence in the record does not foreclose a reasonable conclusion that the clear liquid [the plaintiff] slipped in was visible and apparent, and Target was not entitled to summary judgment on this basis." Id.

The instant matter is not a case like Urrutia, in which the plaintiff slipped and fell upon a clear liquid. This is indeed a case in which the liquid on the floor an opaque white solution the size of an apple. The visibility of the hazard may also be inferred from the volume of the substance. That Ms. Gisser was able to point to the remainder of the substance after her fall, and observe her footprint therein, establishes that the white solution was present in an appreciable volume.

Moreover, as in Urrutia, Ms. Gisser's observation of the white solution was "corroborated by other circumstantial evidence of the hazard's visibility and apparentness." In Urrutia, the defendant's employee and the plaintiff's son observed the clear liquid. In the instant matter, there is video evidence in which Ms. Gisser may be observed examining and then pointing out the white solution to defendants' employees. Though the Second Circuit in Urrutia

7

was quick to note that the Court was merely "assuming corroboration is a requirement," Ms. Gisser has introduced clear and convincing evidence sufficient to corroborate her testimony; to wit, proof of its observation by others.

## C. The Hazard Existed for a Sufficient Length of Time Prior to the Accident

"Absent direct proof, courts generally look at the condition of the substance as circumstantial evidence that the substance was present for a sufficient length of time to charge the owner with constructive notice." Torres v. United States, No. 09-CV-4092, 2010 U.S. Dist. LEXIS 136886 (S.D.N.Y. Dec. 2, 2010), citing Taylor ex rel Taylor v. N.Y.C. Transit Auth., 48 N.Y.2d 903, 904 (N.Y. 1979); Gordon v. American Museum of Natural History, 67 N.Y.2d 836, 838 (N.Y. 1986).

In Torres v. United States, No. 09-CV-4092, 2010 U.S. Dist. LEXIS 136886, at *13 (S.D.N.Y. Dec. 2, 2010), the plaintiff described the substance on which she fell as "sticky." The district court, in denying the defendant summary judgment, found that the plaintiff's "description of the substance combined with evidence the area was not inspected for a number of hours is enough to survive the [defendant's] motion for summary judgment." Id. at *16, citing Negri v. Stop & Shop Inc., 65 NY2d 625, 626 (N.Y. 1985) (finding there was evidence that the area was not cleaned or inspected for almost two hours prior to the accident, and that such circumstantial evidence was sufficient to permit the jury to draw the necessary inference that a slippery condition existed for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it).

Ms. Gisser likewise describes the white solution as a "glob" the consistency and opaqueness of "hand cream or lotion or conditioner." As in Torres, there is evidence that the area in which Ms. Gisser fell was not "inspected for a number of hours." The defendants have

provided video for only one hour prior to Ms. Gisser's fall, and have thus left the Court to speculate as to whether an inspection of the accident site was conducted earlier than the hour prior. Rather than "demonstrating that no genuine issue of material fact exists," the defendants have prevented this Court from examining "direct proof" of inspection of the accident site, and therefore from determining whether the substance was present for a sufficient length of time for the defendants' employees to remedy. There is indeed not even a modicum of evidence that the accident site was inspected or cleaned for at least an hour prior to the accident. There are, for example, shopping carts out of place at the center of the screen that remain untouched by defendants' employees for the length of the video.

Together with Ms. Gisser's testimony that the "glob" of white solution was of a thick, lotion-like consistency, and the circumstantial evidence regarding the defendants' employees' failure to inspect the accident site for at least an hour prior to the accident – whether for defects on the floor or for shopping carts out of place – is sufficient to permit a jury to draw the necessary inference that the dangerous condition existed for a sufficient length of time prior to the accident to permit the defendants' employees to discover and remedy it. See Figueroa v Pathmark Stores, Inc., No. 02-CV-4992, 2004 U.S. Dist. LEXIS 74261, at *11-12 (S.D.N.Y. Jan. 15, 2004) ("although Plaintiff did not see the pink liquid on the floor prior to her fall, and has no knowledge of how long it had been there, there were 'telltale signs supporting an inference of a long standing condition,'" namely, "coupled with her observation that the liquid had become sticky," "the alleged location of the pink liquid, in the high traffic and presumably constantly staffed checkout area, a jury could properly infer that it should not have taken long for Defendant's employees to discover it"), citing Deluna-Cole v Tonali, Inc., 303 A.D.2d 186, 186-87 (App. Div. 1st Dep't 2003) (court found sufficient evidence to create material issue of fact

concerning constructive notice where plaintiff, who slipped on a piece of glass located "in a center of activity for restaurant staff," could establish that there was no breakage or cleanup of glass prior to or during the five to eight minutes it took plaintiff to go to the restroom").

## V. CONCLUSION

Accordingly, summary judgment is precluded where a jury could reasonably, and in this case readily, infer that the defendants had constructive notice of apple-sized white "glob" that caused Ms. Gisser's serious injuries.