WM 17-194 PO
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

CINDY GISSER,                                            **Docket No.: 17CV05293JCM**

                                   Plaintiff,

        -against-

WAL-MART STORES EAST, LP and
WAL-MART STORES, INC.,

                                   Defendants.
-------------------------------------------------------------------------X

## DEFENDANT'S REPLY MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

Faced with defendant's motion, plaintiff has abandoned her actual notice and creation arguments. The sole opposition to the motion is the claim that there is sufficient circumstantial evidence "from which defendants' [sic] negligence in failing to remedy the condition despite constructive notice thereof may be reasonably inferred" (Plaintiff's Memorandum of Law, p. 2). Plaintiff is incorrect.

## POINT I

### THERE IS HERE NO EVIDENCE OF FACTS AND CONDITIONS FROM WHICH CONSTRUCTIVE NOTICE OF THE SUBSTANCE MAY RE REASONABLY INFERRED

Citing to *Urrutia v. Target* Corp., 681 Fed. Appx. 102, 2017 US App LEXIS 3822, plaintiff claims that circumstantial evidence establishes that defendant had constructive notice of the substance on its floor and, thus, summary judgment should be denied.

In *Urrutia,* the plaintiff entered a Target store and observed clear liquid on the floor. Plaintiff told her adult son and grandson that she saw the clear liquid. Her son testified that she told him about the liquid. After shopping for approximately forty minutes, the plaintiff slipped in the clear liquid that she had previously observed. On defendant's motion for summary judgment, the court below held that the plaintiff failed to produce any evidence that the liquid was visible and apparent prior to her fall. 2016 US Dist LEXIS 70215 at 25. On appeal, the Second Circuit vacated and remanded. "Based on Urrutia's testimony that she saw clear liquid on the floor approximately forty-five minutes before she fell and the evidence that she slipped in clear liquid in the same spot," it held, "a jury could reasonably conclude that the clear liquid was visible and apparent." 681 Fed. Appx 102 at 104. This case is not at all like *Urrutia* as the plaintiff here, unlike Ms. Urrutia, never saw the substance on the floor prior to slipping in it.

A.    Visible and Apparent

Plaintiff asserts that the substance was visible and apparent because the video depicts the plaintiff on video "examining the hazard and pointing it out to defendants' [sic] employees." (Plaintiff's Memorandum of Law, p. 6). It is undisputed that plaintiff never saw the substance on the floor prior to slipping in it, however.

As this Court noted in *Decker v. Wal-Mart*, 2017 US Dist LEXIS 19350 (SDNY 2017) there is no genuine issue of material fact as to whether a substance was visible and apparent when the plaintiff does not see the substance until after her fall. *Id.* at 17.

> [O]ther courts have found insufficient evidence to raise a triable issue of fact regarding whether a condition was visible and apparent where a plaintiff did not see the condition prior to a fall, or offer evidence that others saw the condition prior to the fall. See, e.g., Cousin, 2009 U.S. Dist. LEXIS 57079, 2009 WL 1955555, at *8 ("Additionally no one, including plaintiff, saw the puddle before the plaintiff fell . . ."); Cobb v. Indus Ltd. P'ship, No. 98-CV-3549 (JG), 1999 U.S. Dist. LEXIS 406, 1999 WL 115441, at *3 (E.D.N.Y. Jan. 11, 1999) (finding no constructive notice where plaintiff did not notice the puddle before her fall and offered no evidence that, inter alia, someone saw the puddle before her fall); Walker v. United States, No. 95 CIV. 6567 (AGS), 1998 U.S. Dist. LEXIS 8380, 1998 WL 299928, at *2 (S.D.N.Y. June 8, 1998) (granting summary judgment where, inter alia, "plaintiff herself concedes that she did not see anything on the floor before she slipped."); Torri, 537 N.Y.S.2d at 630 (affirming summary judgment and finding no constructive notice where, inter alia, plaintiff did not observe a substance on the floor until after she fell).

*Id.* at 19.; *see also Watts v. Wal-Mart Stores East, LP*, 2018 US Dist LEXIS 54591 ("Courts in the Second Circuit have routinely granted summary judgment in similar slip and fall claims on the ground that the defect was not visible and apparent when a plaintiff did not see it prior to the fall."); *Rodriguez v. Wal-Mart Stores East, LP*, 2017 US Dist LEXIS 146661 (taking all of the evidence in the light most favorable to the plaintiff, a reasonable juror could not conclude that any liquid on the floor prior to plaintiff's fall was visible and apparent to the defendant); *Dranoff v. Sam's East Inc.*,

2017 US Dist LEXIS 61134 (plaintiff proffered no evidence that substance on floor was visible or apparent).

B.    Length of Time Substance Existed

Citing to *Torres v. United States*, 2010 US Dist LEXIS 136886, plaintiff contends that the fact that the plaintiff described the consistency of the substance as being like "hand cream or lotion or conditioner" and the fact that defendant did not establish the last time it inspected the area prior to her fall demonstrates that the substance existed on the floor for a sufficient length of time for the defendant to have found it and remedied it. This argument fails for several reasons.

First, it is apparent from plaintiff's papers that she is improperly attempting to shift the burden on the motion for summary judgment. She argues that the defendant needed to provide "direct proof" of inspection of the accident site prior to plaintiff's fall in order to make out its entitlement to summary judgment. As set forth with specificity in the moving papers, however, the defendant bears no such burden. (Defendant's Memorandum of Law, p. 2, citing *Cousin v. White Castle Sys.*, No. 06-CV-6335, 2009 U.S. Dist Lexis 57079 [EDNY, July 6, 2009] [summary judgment for defendant is appropriate in the absence of evidence supporting the plaintiff's *prima facie* case]).

Second, New York courts have made it crystal clear that claims regarding the sullied appearance of a substance on a defendant's floor are legally insufficient to permit the question of whether defendant had constructive notice of a spill to go to the jury. *Cafiero v. Inserra Supermarkets*, 195 AD2d 681, 599 NYS2d 342 (3d Dept 1993) *affd* 82 NY2d 787, 604 NYS2d 549 (plaintiff failed to establish that claimed defect was visible and apparent and existed for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it notwithstanding testimony that spot was dirty and that dirty streaks existed near the spot); *Mehta v.*

*Stop & Shop Supermarket Co.,* LLC, 129 AD3d 1037, 12 NYS3d 269 (2d Dept 2015) (plaintiff's contention that she slipped and fell on dirty water did not raise a triable issue of fact as to whether that condition existed for a sufficient period of time in order for the defendant's employees to have identified the condition and remedied it); *Birthwright v. Mid-City Security, Inc.,* 268 AD2d 401, 702 NYS2d 325 (2d Dept 2000) (plaintiff's testimony that water she fell on was "dirty" does not provide evidence that the water existed for a sufficient period of time to establish constructive notice); *see also Nuez v. New York City Transit Authority,* 289 AD2d 549, 735 NYS2d 194 (2d Dept 2001) (mere face that sand that allegedly caused the plaintiff to slip was dirty cannot serve as evidence that the defendant had constructive notice of the condition); *Belfiore v. Copiague Union Free School District,* 288 AD2d 247, 733 NYS2d 112 (2d Dept 2001) (fact that liquid that caused plaintiff to slip was dirty does not constitute constructive notice); *Berg v. Wegman's Food Markets, Inc.,* 242 AD2d 861, 662 NYS2d 897 (4th Dept 1997) (plaintiff's assertion that sudsy water was dirty and stained her clothes insufficient to raise a question of fact as to whether defendant had constructive notice of same); *Cuddy v. Waldbaum, Inc.,* 230 AD2d 703, 646 NYS2d 51 (2d Dept 1996) (plaintiff's allegation that lettuce leaves were dirty and appeared walked upon insufficient to establish notice); *Kaufman v. Man-Dell Food Stores, Inc.,* 203 AD2d 532, 611 NYS2d 230 (2d Dept 1994) (mere fact that defendant had not cleaned the area for 45 minutes, or the fact that the flower on which the plaintiff allegedly fell appeared smashed and dirty after the accident, were both insufficient to raise a triable issue with respect to notice to the defendant ); *Pirillo v. Longwood Associates, Inc.,* 179 AD2d 744, 579 NYS2d 120 (2d Dept 1992) (plaintiff's claim that puddle of soda had footprints in it and was dried in many spots insufficient to impute constructive notice to premises' owner).

Third, even if the above was not an accurate recitation of New York law, the plaintiff here has not alleged that the substance on the floor was dirty or drying or contained footprints other than

4

her own.  She asserts nothing more than that it had the consistency of "hand cream or lotion or conditioner." That consistency, without anything more, is insufficient to raise an issue of fact as to how long the substance existed on the floor prior to plaintiff slipping in it.

<strong><u>CONCLUSION</u></strong>

For the reasons stated herein, an Order should issue granting the defendant summary judgment and dismissing the plaintiff's Complaint in its entirety.

Dated: Northport, New York
       April 26, 2018

Yours, etc.

BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By: _____
       PATRICIA A. O'CONNOR (PO5645)
       7 Bayview Avenue
       Northport, New York 11768
       (631) 261-7778