UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

CINDY GISSER,

                    Plaintiff,

        -against-

WAL-MART STORES EAST, LP and
WAL-MART STORES, INC.,

                    Defendants.
---------------------------------------------------------------X

**OPINION AND ORDER**

17 Civ. 5293 (JCM)

Plaintiff Cindy Gisser brought this action against Defendants Wal-Mart Stores East, LP and Wal-Mart Stores, Inc. to recover for personal injuries allegedly suffered by Gisser when she slipped in Defendant's store in Newburgh, New York (the "Wal-Mart Store") on March 18, 2015. (Docket No. 1).[1]  Plaintiff filed her Complaint on March 24, 2017 in the Supreme Court of the State of New York, County of Orange. (*Id.*).  Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (*Id.*).  Defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Motion"). (Docket No. 12).  Plaintiff opposed the Motion, (Docket No. 17), and Defendant replied, (Docket No. 18).[2]  For the reasons set forth below, the Court grants Defendant's Motion.[3]

---

[1] Defendant's Answer to the Complaint indicates that Wal-Mart Stores East, LP is sued herein as Wal-Mart Stores East, LP and Wal-Mart Stores, Inc. (Docket No. 1).  Defendant thus answered the Complaint and filed the instant motion as Wal-Mart Stores East, LP.

[2] The parties' briefs are hereinafter cited as "Def. Br.," "Pl. Br." and "Def. Reply Br." (Docket Nos. 15, 17-2 and 18).  All page number citations refer to the page number assigned upon electronic filing unless otherwise noted.

[3] This action is before this Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c). (Docket No. 5).

1

## I. BACKGROUND

The following facts are gathered from Defendant's Statement of Material Facts submitted pursuant to Local Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York, ("Def. 56.1"), (Docket No. 14), Plaintiff's Response to Defendant's 56.1 Statement ("Pl. 56.1 Resp."), (Docket No. 17), and the exhibits submitted by the parties in support of their contentions.[4] The facts are construed "in the light most favorable to" Plaintiff, the non-moving party. *Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018). The facts set forth herein are not in dispute, unless otherwise noted.

On March 18, 2015, Plaintiff visited the Wal-Mart Store located at 1201 Route 300 in Newburgh, New York. (Def. 56.1 at ¶ 6); (Gisser Dep. at 10). Upon arrival, Plaintiff retrieved a shopping cart from the entrance vestibule and walked towards the vision center, which was located near a line of cash registers. (Def. 56.1 at ¶¶ 7, 9–11); (Gisser Dep. at 19–21). As she turned towards the vision center, Plaintiff's right foot slipped and "gave out," (the "Accident"). (Def. 56.1 at ¶¶ 11–13). While Plaintiff did not fall to the floor, her right foot turned and hit the floor. (*Id.* at ¶¶ 13–14). Plaintiff held onto the shopping cart and pulled herself upright. (*Id.* at ¶ 15).

After she regained her balance, Plaintiff ran her foot over the floor where she slipped and bent at the waist to examine the area. (Def. 56.1 at ¶¶ 16, 33–34). Upon inspection, Plaintiff observed a "glob of white solution" that looked like cream, lotion, or conditioner on the floor. (*Id.* at ¶ 17). The glob was approximately the size of an apple and smeared on the floor from Plaintiff's slip. (*Id.* at ¶¶ 18–19). However, Plaintiff did not see the solution prior to the

---

[4] Defendant's Exhibit D is the deposition transcript of Cindy Gisser (hereinafter, "Gisser Dep.") and Defendant's Exhibit F is a surveillance video recording of the incident (hereinafter, "Def. Ex. F"). The parties stipulated to the admissibility of the video for the purposes of this Motion. (Docket No. 13 at ¶ 6).

2

Accident, nor did she know how it came to be on the floor. (*Id.* at ¶¶ 21–22). Further, Plaintiff did not know how long the solution was on the floor prior to the Accident. (*Id.* at ¶ 23).

Surveillance video of the area where the Accident occurred indicates that Plaintiff slipped at 10:26 a.m. (Def. Ex. F). The video footage reveals that six other individuals walked through the same area without incident prior to the Accident: one woman and two children walked through the area at 9:58 a.m. and back again three minutes later; one woman walked through the area at 10:08 a.m.; and two women walked through the area at 10:20 a.m. (*Id.*). Immediately after the Accident, two more individuals walked through the area without incident and without seeming to notice the substance on the floor: one individual walked through the area at 10:27 a.m., and a second individual walked through the area at 10:28 a.m. (*Id.*). Approximately two to three minutes after the Accident, Plaintiff returned to the area with a store employee.[5] (Def. 56.1 ¶¶ 35, 37; Def. Ex. F). Shortly thereafter, store employees wiped the floor with paper towels and placed a bright orange cone at the scene of the Accident. (Def. 56.1 at ¶¶ 38–39; Def. Ex. F). Plaintiff filled out an incident report with an assistant manager summarizing what had occurred. (Gisser Dep. at 34–36).

## II. LEGAL STANDARDS

### A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, the moving party bears the burden of demonstrating that it is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322

---

[5] The parties disagree as to whether Plaintiff entered the vision center or merely proceeded "toward" it after the Accident. (Def. 56.1 at ¶ 35); (Pl. 56.1 Resp. at ¶ 35). This disagreement is immaterial to the instant motion.

(1986). A genuine dispute as to a material fact "exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A fact is material if it might affect the outcome of the suit under the governing law." *Casalino v. N.Y. State Catholic Health Plan, Inc.*, No. 09 Civ. 2583(LAP), 2012 WL 1079943, at *6 (S.D.N.Y. Mar. 30, 2012) (internal quotation and citation omitted).

In reviewing a motion for summary judgment, the Court "must draw all reasonable inferences in favor of the [non-moving] party" and "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150–51 (2000). That said, the Court may not weigh the evidence or determine the truth of the matter, but rather conducts "the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 250.

The moving party bears the initial burden of "demonstrating the absence of a genuine issue of material fact." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 323). If the moving party meets this initial burden, the burden then shifts to the non-moving party to "present evidence sufficient to satisfy every element of the claim." *Id.* "The non-moving party is required to 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial,'" *id.* (citing *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 249–50), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-moving party fails to establish the existence of an essential element of the case on which it bears the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## B. Burden of Proof on Summary Judgment

New York law governs the substantive slip-and-fall claim.[6] Federal law, however, applies to procedural aspects of the claim. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Because the moving party's burden of proof on a summary judgment motion is procedural, it is therefore governed by federal law. *Tingling v. Great Atl. & Pac. Tea Co.*, No. 02 CIV. 4196 (NRB), 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003) ("We find that the issue of what burden a movant for summary judgment bears when the ultimate burden of proof lies with the non-movant is procedural rather than substantive, under the distinction created by *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny, and accordingly is subject to federal rather than state law.") (citing *Celotex*, 477 U.S. 317); *see also Hughes v. United States*, No. 12 CIV. 5109 CM, 2014 WL 929837, at *4 (S.D.N.Y. Mar. 7, 2014) (applying the federal burden of proof standard on a motion for summary judgment, explaining that "[e]ven though the substantive claims are governed under New York law, the procedural issues are determined under the federal standard."); *Dranoff v. Sam's E., Inc.*, No. 16-CV-6482 (CS), 2017 WL 1437207, at *2 (S.D.N.Y. Apr. 20, 2017) (noting that the parties' burden of proof on summary judgment is a procedural issue and thus governed by federal law).

The federal burden of proof on a motion for summary judgment differs from the corresponding standard under New York law in a slip-and-fall action. *See, e.g.*, *Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 12–13 (2d Cir. 2008); *Vasquez v. United States*, No. 14-CV-1510 (DF), 2016 WL 315879, at *4–5 (S.D.N.Y. Jan. 15, 2016). "Under New York law, '[a] defendant who moves for summary judgment in a [sl]ip-and-fall case

---

[6] Because jurisdiction over this matter is based upon the parties' diversity of citizenship and the alleged acts occurred in New York, the parties agree New York law governs the substantive claims. (Def. Br. at 3 (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)); (Pl. Br. at 4).

5

has the initial burden of making a *prima facie* showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it.'" *Vasquez*, 2016 WL 315879, at *4 (quoting *Levine v. Amverserve Ass'n, Inc.*, 938 N.Y.S.2d 593, 593 (2d Dep't 2012)). On the other hand, under federal law, the moving party "need not make any affirmative *prima facie* showing on [a] motion for summary judgment, and may discharge its burden of proof merely 'by pointing to an absence of evidence to support an essential element of [Plaintiff's] claim.'" *Id.* at *5 (quoting *Zeak v. United States*, No. 11 CIV. 4253 (KPF), 2014 WL 5324319, at *8 (S.D.N.Y. Oct. 20, 2014)); *see also Feis v. United States*, 394 F. App'x 797, 798–99 (2d Cir. 2010) (applying New York substantive law and federal procedural law, finding that "contrary to plaintiff's assertions, defendant was not required to affirmatively disprove each element of plaintiff's [slip-and-fall] claim.").[7] Therefore, because the burden of proof on a motion for summary judgment is procedural and federal law applies, Defendant may meet its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case," but need not "raise a *prima facie* case." *Hughes*, 2014 WL 929837, at *4 (quoting *Celotex*, 477 U.S. at 325). If Defendant meets that burden, the burden then shifts to Plaintiff to present evidence on each element of the claim and demonstrate that a genuine issue of material fact exists for trial. *Celotex*, 477 U.S. at 322–24; *Holcomb*, 521 F.3d at 137.

---

[7] *See also Tenay*, 281 F. App'x at 12-13 (affirming district court's grant of summary judgment and noting that, although under New York law the moving party bears the initial burden of proof, under federal law "the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions," and that therefore, where the non-movant bears the burden of proof at trial, "the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim.") (quotation marks and citations omitted); *Cruz v. Target Corp.*, No. 13 CIV. 4662 (NRB), 2014 WL 7177908, at *3 (S.D.N.Y. Dec. 17, 2014) ("In federal court, it is the plaintiff who, as the nonmoving party, bears the burden of showing a genuine dispute of material fact, even though a New York state court would require the *defendant* to produce affirmative evidence on the key issue of whether the defendant had adequate notice of the spill.").

**III. DISCUSSION**

A plaintiff asserting a negligence claim under New York law must demonstrate "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (internal quotation marks omitted). In a slip-and-fall action, "the plaintiff must demonstrate that the landowner created the condition that caused the injury, or that the landowner had actual or constructive notice of the condition." *Gonzalez v. Wal-Mart Stores, Inc.*, 299 F. Supp. 2d 188, 192 (S.D.N.Y. 2004); *see also Decker v. Middletown Walmart Supercenter Store #1959 et al.*, No. 15 Civ. 2886 (JCM), 2017 WL 568761, at *4 (S.D.N.Y. Feb. 10, 2017) ("[T]he plaintiff must demonstrate that the defendant either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it.") (internal quotation marks and citation omitted). Plaintiff bears the burden of proof on the elements of her premises liability claim under New York law. *Tenay*, 281 F. App'x at 13.

Here, Plaintiff concedes for the purposes of this Motion that Defendant neither created nor had actual notice of the condition that allegedly caused her injury. (Pl. Br. at 2, n.1). However, the parties disagree whether there is a triable issue of material fact regarding constructive notice. (Def. Br. at 10–14); (Pl. Br. at 6–10). Accordingly, the Court only addresses the issue of constructive notice.

**A. Constructive Notice of a Dangerous Condition**

To establish constructive notice, "the danger must have been 'visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it.'" *Nussbaum v. Metro-N. Commuter R.R.*, 603 F. App'x 10, 12 (2d Cir. 2015) (quoting *Lemonda v. Sutton*, 702 N.Y.S.2d 275, 276 (1st Dep't 2000)) (alteration in

7

original); *see also Pinnock v. Kmart Corp.*, No. 04 Civ. 3160 (RMB), 2005 WL 3555433, at *3 (S.D.N.Y. Dec. 29 2005) ("Constructive notice can be shown by testimony that a condition is 'visible and apparent' and has existed 'for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it.'") (quoting *Heit v. Supermarkets Gen. Corp.*, No. 93 Civ. 6871, 1995 U.S. Dist. LEXIS 13644, at *5 (S.D.N.Y. Sept. 20, 1995)); *Watts v. Wal-Mart Stores E., LP*, No. 16-CV-4411 (KMK), 2018 WL 1626169, at *6 (S.D.N.Y. Mar. 29, 2018) (same); *Decker*, 2017 WL 568761, at *7 (same).

### i. Visible and Apparent

The Court finds that Plaintiff has not raised a triable issue of fact as to whether the condition was visible and apparent. First, the surveillance video of the area where the Accident occurred does not show the white solution on the floor, let alone in any appreciable volume. (Def. Ex. F); *Decker*, 2017 WL 568761, at *7 (noting that yellow, egg-like substance was not "visible and apparent" in part because video surveillance of the area did not show the substance on the floor). Second, in the thirty minutes prior to the Accident, the video depicts six individuals walking directly through the area of the Accident without incident and without seeming to notice the "white solution" on the floor. (Def. Ex. F); *Castellanos v. Target Dep't Stores, Inc.*, No. 12 CIV. 2775 (GWG), 2013 WL 4017166, at *6 (S.D.N.Y. Aug. 7, 2013) (finding plaintiff presented no evidence that the condition was visible and apparent where surveillance video showed individuals walking through the area where plaintiff fell without incident and none of them appeared to notice the condition on the floor twenty-five minutes prior to the accident). Third, two more individuals walked through the area immediately after the Accident without noticing anything on the floor. (Def. Ex. F). Finally, Plaintiff did not see the substance on the floor prior to the Accident, (Def. 56.1 at ¶ 21), nor did she offer any evidence that others observed the "white solution" prior to her slip, *see Decker*, 2017 WL 568761, at *7

("courts have found insufficient evidence to raise a triable issue of fact regarding whether a condition was visible and apparent where a plaintiff did not see the condition prior to a fall, or offer evidence that others saw the condition prior to the fall.") (collecting cases).

Plaintiff contends that because she noticed the "glob of white solution" on the floor after the Accident, a triable issue of fact exists as to whether it was visible and apparent. (Pl. Br. at 6–8). In support of this position, Plaintiff cites to *Urrutia v. Target Corp.*, in which the Second Circuit concluded that "[b]ased on [the plaintiff's] testimony that she saw clear liquid on the floor approximately forty-five minutes *before* she fell, and the evidence that she slipped in clear liquid in the same spot, a jury could reasonably conclude that the clear liquid was visible and apparent." 681 F. App'x 102, 104 (2d Cir. 2017) (emphasis added). Here, unlike *Urrutia*, Plaintiff offers no evidence that she, or anyone, saw the solution on the floor prior to the Accident. In fact, the evidence indicates otherwise. Plaintiff's attempt to bolster her argument by comparing the substance in *Urrutia*, a clear liquid, and the substance in the instant matter, an "opaque white solution," is unavailing because the color of the substance does not necessarily render it visible and apparent. (Pl. Br. at 7); *see, e.g., Watts*, 2018 WL 1626169, at *6–7 (acknowledging *Urrutia* and concluding that a pink substance on the floor was not "visible and apparent" notwithstanding its color and opacity). Consequently, Plaintiff has failed to establish a triable dispute as to whether the solution was visible and apparent. Accordingly, Defendant is entitled to summary judgment.

ii. **Length of Time**

"Assuming *arguendo* that the [substance] was visible and apparent, there is no evidence as to when the [substance] was spilled on the floor, and plaintiff's failure to offer such evidence is fatal to her claim of constructive notice." *Decker*, 2017 WL 568761, at *7 (quoting *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 332 (E.D.N.Y. 1998)) (internal quotation marks

omitted) (alteration in original). Here, Plaintiff offers her own testimony in support of her contention that the "white solution" was on the floor for a sufficient period of time to constitute constructive notice. Specifically, Plaintiff claims that the "thick" consistency of the white "glob" circumstantially supports a finding that it was on floor for a sufficient length of time. (Pl. Br. at 8–9).

This testimony is insufficient to create a genuine issue of material fact regarding the second prong of constructive notice. First, Plaintiff offers no evidence regarding how long the solution had been on the floor prior to the Accident. (Def. 56.1 at ¶ 23). Second, Plaintiff's description of the solution as a thick glob with "lotion-like consistency" provides no guidance regarding its duration on the floor. (Pl. Br. at 9). Products similar to "hand cream or lotion or conditioner," (Def. 56.1 at ¶ 17), are inherently white, opaque, and thick in consistency without prolonged exposure. Therefore, the Court cannot draw a reasonable inference that the solution acquired these characteristics only after time had elapsed. *See Nolasco v. Target Corp.*, 10-CV-3351(ARR), 2012 U.S. Dist. LEXIS 191275, at *6-7 (E.D.N.Y. Nov. 13, 2012) ("Plaintiff and her daughter testified that the spilled detergent appeared to be 'thick' . . . and 'cloudy,' . . . possibly implying that the liquid acquired these characteristics only after sufficient time had elapsed for it to have somewhat dried. However, the detergent may well have been inherently thick and cloudy."); *Lacey v. Target Corp.*, No. 13 CV 4098(RML), 2015 WL 2254968, at *4 (E.D.N.Y. May 13, 2015) (testimony that apple pieces were brown and therefore oxidized did "not raise a material question of fact as to the length of time the apple was on the floor, as it could have been brown and oxidized before it fell on the floor . . .").

Plaintiff also relies on *Torres v. United States*, No. 09-CV-5092 (RLE), 2010 WL 5422547 (S.D.N.Y. Dec. 23, 2010), to argue that Defendant had constructive notice of the

condition for a sufficient length of time given their alleged failure to inspect the area prior to the Accident. (Pl. Br. at 9–10). This reliance is misplaced because Plaintiff "incorrectly places the burden on Defendant to produce affirmative evidence of its inspection and cleaning records." *Decker*, 2017 WL 568761, at *9; *see also Watts*, 2018 WL 1626169, at *8, n. 13. Moreover, in *Torres*, there was evidence that Defendant had not conducted its regular, required inspections of the area where the accident occurred. *Torres*, 2010 WL 5422547, at *4, 6. By contrast, Plaintiff relies only on the video surveillance in arguing that the Accident site was not inspected or cleaned "for at least an hour prior to the [A]ccident." (Pl. Br. at 9). This is plainly insufficient to infer that the solution was on the floor for a sufficient period of time. *Watts*, 2018 WL 1626169, at *7, n. 12 (noting that video surveillance showing that the accident site was not inspected for at least an hour prior to the accident is not sufficient to satisfy the duration prong of constructive notice). "In sum, a verdict in plaintiff's favor, based solely on this record, would constitute speculation, rather than a finding of fact." *Lacey*, 2015 WL 2254968, at *5. Accordingly, the Court finds that even if Plaintiff could show that the substance was visible and apparent, Plaintiff has failed to establish that the substance was on the floor for a sufficient length of time to allow the Defendant to discover and remedy it.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted. The Clerk is respectfully requested to terminate the pending Motion, (Docket No. 12), enter judgment for Defendant, and close the case.

Dated: December 7, 2018
       White Plains, New York

                              **SO ORDERED:**

*Judith C. McCarthy*
JUDITH C. McCARTHY
United States Magistrate Judge